# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2025

Lyle W. Cayce
Clerk

No. 24-40441

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM SCOTT KENDALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-501-1

Before SOUTHWICK, OLDHAM, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

William Scott Kendall was convicted of being a felon in possession under 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Kendall appeals, arguing Section 922(g)(1) is unconstitutional as applied to him. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2022, Nueces County Sheriff's Office deputies and Nueces County Constable Precinct 5 deputies responded to a report that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Kendall, "very intoxicated and upset," had pointed a firearm at his wife, threatened to kill her, and fired the gun into the ceiling. In May 2023, a Department of Homeland Security Investigation ("HSI") Task Force Agent reviewed the report and assisted Deputy United States Marshals with execution of arrest warrants "for the offenses of Continuous Violence Against the Family, Unlawful Possession of Firearm by Felon and Aggravated Assault Family/House Member with a weapon." HSI ran a criminal history search on Kendall and uncovered two prior felony convictions.

Kendall was subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He moved to dismiss the indictment, arguing Section 922(g)(1) was unconstitutional on its face and as applied to him. The district court denied the motion, finding Section 922(g)(1) facially constitutional and constitutional as applied to Kendall because "[t]he Supreme Court has held only that law-abiding citizens have the Second Amendment right to possess a firearm inside the home." Kendall pled guilty without a plea agreement and preserved his constitutional challenge for review on appeal. He was sentenced to 18 months imprisonment and three years of supervised release.

Kendall timely appealed.

## DISCUSSION

On appeal, Kendall contends Section 922(g)(1) is unconstitutional as applied to him because there is no historical tradition of disarming those convicted of his predicate offenses.

"We review preserved challenges to the constitutionality of a criminal statute *de novo*." *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). "[I]f the constitutional challenge was not presented to the district court, we review for plain error." *Id.*

The Government argues that, because Kendall argued the constitutionality of Section 922(g)(1) broadly and failed to reference his specific predicate, his challenge is unpreserved. Although broad, the motion did argue that "Section 922(g)(1) is . . . unconstitutional as applied to Mr. Kendall." "The record supports the conclusion that [the appellant] preserved an as-applied challenge in his motion to dismiss, so we review his as-applied challenge *de novo*." *United States v. Reyes*, --- F.4th ---, No. 24-40369, 2025 WL 1741013, at *2 (5th Cir. June 24, 2025) (quotation marks omitted) (quoting *United States v. Zinnerman*, No. 24-30310, 2025 WL 984605, at *2 (5th Cir. Apr. 2, 2025)).

We now examine the merits. Kendall argues that disarming him under Section 922(g)(1) is unconstitutional under the two-step framework announced in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022). Under *Bruen*'s first step, if "the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 17. Under step two, the burden shifts to the Government to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

As to the first step, the district court held that felons are not within the meaning of "the people" for Second Amendment purposes. A later decision of this court rejected that argument. *See United States v. Diaz*, 116 F.4th 458, 466 (5th Cir. 2024). Though Kendall's "status as a felon is relevant to our analysis, [] it becomes so in *Bruen*'s second step." *Id.* at 466–67.

In taking *Bruen*'s second step, we assess whether Kendall can constitutionally be disarmed for his predicate offenses. We consider any "prior convictions that are 'punishable by imprisonment for a term exceeding one year.'" *Id.* at 467 (quoting Section 922(g)(1)). Kendall's

relevant offenses are injury to the elderly and unlawful possession of a firearm. Kendall was convicted of the former after he assaulted his 85-year-old mother and caused her bodily injury.

This court has already recognized this country's historical tradition of disarming those who "have been found to pose a credible threat to the physical safety of others." *Reyes*, 2025 WL 1741013, at *3. We recently upheld the constitutionality of Section 922(g)(1) as applied to defendants with prior convictions for aggravated battery because the predicate crime "indicates that [the defendant] poses a threat to public safety and the orderly functioning of society." *United States v. Schnur*, 132 F.4th 863, 870 (5th Cir. 2025). There, we described the caselaw and the historical "going armed" and affray laws that supported our conclusion. *Id.* at 868–70. In another recent decision, we acknowledged that disarming someone with a criminal history of misusing weapons "is consistent with this Nation's history and tradition and necessary for safety." *United States v. Davis*, No. 24-20258, 2025 WL 958265, at *2 (5th Cir. Mar. 31, 2025). Further, disarming defendants with a criminal history of offenses that "pose[] a threat to public safety and the orderly functioning of society" has been an historical practice. *See Schnur*, 132 F.4th at 870.

"In summary, our caselaw establishes that if a defendant's predicate felony involves . . . violence, his as-applied challenge to § 922(g)(1) will fail." *United States v. Kimble*, ---F.4th ----, No. 23-50874, 2025 WL 1793832, at *3 (5th Cir. June 30, 2025).

AFFIRMED.